IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROOSEVELT ASHIM LANDS,

      Petitioner,                           No. CIV S-06-1596 GEB CMK P

      vs.

PEOPLE IN THE STATE OF CALIFORNIA, et al.,

      Respondents.

_____/         <u>ORDER</u>

      By findings and recommendations filed October 5, 2006, the court recommended that petitioner's habeas application be dismissed for failure to exhaust state remedies. The court noted that petitioner had noted in his habeas petition that he had filed a habeas appeal in the Superior court and that appeal was still pending. (Pet. at 2-3.)

      On October 13, 2006, petitioner filed objections to the October 5, 2006 findings and recommendations. In his objections, petitioner states that he "has requested a chance for the superior court to resolve these legal matter [sic] and appellate court. Also the supreme court." (Objs. at 2.) Petitioner appears to state that he has, in fact, exhausted his remedies in the California Supreme Court. A search of the California Appeallate Courts case information web page reveals that petitioner's habeas application was presented to the California Supreme Court and that the case was closed on April 26, 2006. (<u>See</u> http://appellatecases.courtinfo.ca.gov.)

1  Accordingly, the October 5, 2006 findings and recommendations are vacated. However, petitioner's habeas application still fails to name the proper respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. § 2254).  Petitioner has named The People in the State of California as respondents in this action.  These individuals are not the proper respondent in this action.  Accordingly, the instant petition must be dismissed with leave to amend.  See Stanley, 21 F.3d at 360.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The October 5, 2006 findings and recommendations are vacated.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order;

3. Any amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED:   October 18, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE